PALMER v. CURNEN et al.

(Circuit Court of Appeals, Second Circuit. March 1, 1899.)

No. 69.

PATENTS—VALIDITY AND INFRINGEMENT—HAMMOCKS.

The Palmer patent, No. 272,311, is void, as to claims 4 and 8, for want of novelty, unless they are construed as limited to a combination in which the suspension devices are the stirrups described in the specification, and in which the stretcher is provided with them as the means for attaching the suspension cords; and, if so limited, *held*, that they were not infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a suit in equity by Isaac E. Palmer against Cornelius C. Curnen and Edmund Steiner for alleged infringement of letters

patent No. 272,311, granted February 13, 1883, to the complainant, for improvements in hammocks. The circuit court held that, even if the patent was valid as to the claims in issue (Nos. 4 and 8), they were not infringed by defendants' devices. 84 Fed. 829. From this decision the complainant appealed.

Edwin H. Brown, for appellant.

Curtis T. Benedict, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The court below was of the opinion that claims 4 and 8 of the patent in suit, unless limited to the specific devices described in the specification, were void for want of novelty, and, if so limited, were not infringed by the hammocks of the defendants. The appellant, while acquiescing in that decision so far as it relates to claim 8, insists that as to claim 4 it was erroneous. Claim 4 is as follows:

"The combination, with a hammock, a stretcher or bar arranged beyond the end thereof, and a suspension stirrup or device, of suspension cords converging from the hammock towards the stretcher, and attached to the stretcher at two or more points, and suspension cords converging from the stretcher towards the stirrup or suspension device, and attached to said device, substantially as described."

Every element of this claim, broadly considered, was old, severally and in combination. This sufficiently appears by the patent granted Vincent P. Travers, November 18, 1879. That patent describes a hammock hung upon cords which run from the body of the hammock to a notched bar or stretcher, arranged beyond the end thereof, from whence they converge to a suspension device. The notches in the stretcher are provided to space and hold the cords, and when, as the patent states may be done, two or more cords are put into the same notch, the cords converge from the hammock to the stretcher, as well as from the stretcher to the suspension device. The hammock of the patent in suit is made of any suitable material. The stretcher is arranged transversely to the hammock body, and at a little distance therefrom, and is provided with at least two suspension devices, one secured at each end. The suspension devices are of stirrup form, and consist of a bar of metal with arms extending from opposite ends towards one another, to a point where they can be opened and closed. Besides the stirrups which are secured to the stretcher, there is another and similar one arranged at a distance from the stretcher, and opposite the center thereof, from which the whole hammock is hung. The suspension cords converge from the hammock body to the stretcher, and are attached to it, and grouped by the stirrups; those on one side of the center of the hammock body converging towards one stirrup, and those on the other side towards the other stirrup. A group of suspension cords also converges from each stirrup on the stretcher to the suspension stirrup. The converging of the cords from the hammock body to the stretcher and from the stretcher to the suspension stirrup effects what the specification terms a "triangular suspension." But the specification also points

out that the stretcher may be provided with any number of stirrups, and the suspension cords arranged in any number of groups; and it is obvious that, when this is done extensively, the triangular suspension practically disappears from the hammock. The claim specifies only those parts which co-operate to effect the triangular suspension. But it cannot include equivalents for these parts, because the hammock of the Travers patent contains equivalent parts which perform·the same function in combination. When three or more of the central cords of that hammock are put into the exterior notches of the stretcher, the feature of triangular suspension is introduced, though in a crude and less artistic manner than in the hammock of the complainant's patent. We are of the opinion that the claim is void for want of novelty, unless it can be saved by limiting it to a combination in which the suspension devices are the stirrups of the specification, and in which the stretcher is provided with them as the means for attaching the suspension cords. As the hammock of the defendants does not contain these devices, they are not infringements of the claim. The decree is affirmed, with costs.